# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**KEVIN RAY WRIGHT,**
**ADC #140591**                                                                                          **PLAINTIFF**

**V.**               **CASE NO. 2:16-CV-00004 BRW/BD**

**WENDY KELLEY, et al.**                                                                          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.     Discussion:**

Plaintiff Kevin Ray Wright, an inmate housed at North Central Unit of the Arkansas Department of Corrections ("ADC"), filed this lawsuit pro se and is proceeding *in forma pauperis*.  (Docket entries #1, #2)  In his complaint, Mr. Wright alleges that ADC policy was not followed during his disciplinary hearing and that his due process

rights were violated.  (#2)  According to Mr. Wright, as a result of not being able to prove his innocence at his disciplinary hearing, he had to serve thirty days in punitive isolation and remain for one year at class four.  (#2)

Even if Mr. Wright's allegations are all true, he has not stated a federal claim to relief.  First, a prison official's failure to abide by internal prison rules or regulations is not conduct that rises to the level of a constitutional violation.  *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997); *Kennedy v. Blankenship,* 100 F.3d 640, 643 (8th Cir. 1996).

Second, a prisoner can state a due process claim based on a disciplinary proceeding only if he can establish that he had a liberty interest at stake in the proceeding.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).  Under settled law, there is no liberty interest involved in a prisoner's placement in punitive isolation for a relatively short time.  *Sandin*, 515 U.S. at 482-86 (holding that the due process clause applies only when prison officials impose an "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life")  And while thirty days in punitive isolation, no doubt, passes slowly, under established case law, thirty days is deemed to be a relatively short time.  *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship, under *Sandin*).

In addition, an inmate has no liberty interest in maintaining a particular classification level. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Sanders v. Norris*, Case No. 05-2398, 2005 WL 2861952 (8th Cir. Nov. 2, 2005) (unpublished opinion); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994).

Because Mr. Wright does not have a right to force the Defendants to comply with ADC policy, and because his disciplinary convictions do not implicate a liberty interest, he has failed to state a constitutional claim for relief.

## III. Conclusion:

The Court recommends that Mr. Wright's claims against the Defendants be DISMISSED, without prejudice.

DATED this 13th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE